# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY DECARLO GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:23-cv-00090-SAB<br><br>ORDER DISREGARDING CONSTRUED MOTION FOR RECONSIDERATION<br><br>(ECF No. 22) |

**I.**

**RELEVANT BACKGROUND**

On January 20, 2023, Plaintiff Benny DeCarlo Gallegos, proceeding pro se, filed an action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for disability benefits pursuant to the Social Security Act. (ECF No. 1.) On May 9, 2023, Plaintiff filed a motion for summary judgment.[1] (ECF No. 13.) On March 28, 2024, the Court denied Plaintiff's motion for summary judgment, entered judgment in favor of Defendant and against Plaintiff, and directed the Clerk of Court to close the action. (ECF Nos. 19, 20.)

On September 10, 2024, Plaintiff filed a civil complaint—which names the Commissioner, Administrative Law Judge Laura Bernasconi ("ALJ"), and the undersigned as defendants—and a motion to proceed in forma pauperis in case number 24-cv-01072-CDB.

---

[1] Taking into account Plaintiff's pro se status, the Court also considered Plaintiff's supplemental motion for summary judgment filed on May 25, 2023 (ECF No. 15).

1

1  (ECF Nos. 21, 22.)  Plaintiff's statement of the claim states in whole: "On August 21, 2024 I
2  applied for Social Security Disability Insurance Benefits and Supplemental Income Benefits and
3  have been denied these benefits. Each of the defendants involved have overlooked my substantial
4  evidence that goes against the decision that was made on my claim. Case No. 1:23-cv-00090-
5  SAB."  (ECF No. 22 at 5.)

6      Under requested relief, Plaintiff states in whole:

> Respectfully, I ask the court to please grant my request by reopening my case and appeal the decision on my case. My health issues began on 09/04/2018 at work with my former employer. I have suffered unfortunate and traumatizing events in my life that has affected me physically, emotionally, and mentally. The RELIEF I seek is, to be granted the benefits I applied for and continue receiving these benefits.

11  (Id. at 6.)

12      On October 3, 2024, the magistrate judge in case number 24-cv-01072-CDB reviewed
13  Plaintiff's civil complaint and construed Plaintiff's assertion that the Commissioner, the ALJ,
14  and the undersigned "overlooked [his] substantial evidence" as an attempt by Plaintiff to file an
15  untimely appeal or seek reconsideration of the denial of Plaintiff's motion for summary
16  judgment in this action.   (ECF No. 21.)  Without addressing Plaintiff's motion to proceed in
17  forma pauperis, the magistrate judge determined case number 24-cv-01072-CDB was "opened in
18  error."  (Id. at 2.)  The magistrate judge directed the Clerk of Court to "administratively close
19  case no. 24-cv-01072-CDB" and docket Plaintiff's civil complaint as a motion for
20  reconsideration in this action. (Id.)

**II.**

**DISCUSSION**

23      This Court does not construe Plaintiff's filing as a motion for reconsideration.  Pursuant
24  to Rule 60(b), the Court may relieve a party from a final judgment or order "for the following
25  reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
26  . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is
27  void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that
28  justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).  Requests for reconsideration are also governed by

1   Local Rule 230(j) which provides that a party seeking reconsideration must set forth the material
2   facts and circumstances surrounding the motion for reconsideration, including "what new or
3   different facts or circumstances are claimed to exist which did not exist or were not shown upon
4   such prior motion, or what other grounds exist for the motion" and explain "why the facts or
5   circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

6   Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of
7   finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.
8   2003).  To succeed in a motion for reconsideration, a party seeking reconsideration must "show
9   more than a disagreement with the court's decision, and recapitulation...of that which was already
10  considered by the court in rendering its decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d
11  1111, 1131 (E.D. Cal. 2001).  A party must set forth facts or law of a strongly convincing nature
12  to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of
13  Bakersfield, 634 F. Supp. 646, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other
14  grounds, 828 F.2d 514 (9th Cir. 1987)

15  Plaintiff's form civil complaint clearly is not a motion for relief from judgment under
16  Rule 60(b).  Plaintiff does not assert any mistake, inadvertence, surprise, or excusable neglect.
17  Fed. R. Civ. P. 60(b)(1).  Plaintiff does not present any newly discovered evidence that would
18  necessitate or warrant reconsideration.  Fed. R. Civ. P. 60(b)(2).  Rather, Plaintiff plainly asserts
19  the Commissioner, the ALJ, and now the undersigned "overlooked [Plaintiff's] substantial
20  evidence that goes against the decision that was made on my claim."  (ECF No. 22 at 5.)
21  Plaintiff proffers no assertion of fraud, misrepresentation, or misconduct by the opposing party.
22  Fed. R. Civ. P. 60(b)(3).  Likewise, Plaintiff offers no argument that the March 28, 2024
23  judgment in favor of the Commissioner is void or has been satisfied, released, or discharged.
24  Fed. R. Civ. P. 60(b)(4)-(b)(5).  Lastly, Plaintiff does not offer any other circumstance that
25  would justify relief from the judgment for any other reason.  Fed. R. Civ. P. 60(b)(6).

26  Plaintiff also fails to state "what new or different facts or circumstances are claimed to
27  exist which did not exist or were not shown" in his motion for summary judgment, nor does he
28  explain "why the facts or circumstances were not shown at the time of the prior motion."  E.D.

3

Cal. L.R. 230(j)(3)-(4). Even the most liberal construction of the pro se Plaintiff's civil complaint does not produce any indication that Plaintiff seeks reconsideration of the March 28, 2024 order based upon new or different facts or circumstances.

Plaintiff's civil complaint was improperly construed as a motion for reconsideration and filed in this closed action. Plaintiff separately filed a motion to proceed in forma pauperis and the undersigned is a named defendant. Thus, Plaintiff's civil complaint is not requesting that the undersigned—a named defendant—reconsider the March 28, 2024 order. Rather, Plaintiff expressly requests that a Court other than the undersigned "reopen[]" Plaintiff's social security case and "appeal the decision on my case." (ECF No. 22 at 6.) To the extent Plaintiff is attempting to file an untimely notice of appeal of the March 28, 2024 order by way of a civil complaint in this Court, Plaintiff should have been advised that his requested relief was improper. See L.R. 146; Fed. R. App. P. 3. This Court will not construe Plaintiff's civil complaint filed in 24-cv-01072-CDB as a motion for reconsideration in this action.

### III.

### CONCLUSION AND ORDER

Accordingly, Plaintiff's September 10, 2024 (ECF No. 22) filing, improperly filed as a motion for reconsideration in this closed action, is DISREGARDED.

IT IS SO ORDERED.

Dated: **October 7, 2024**

UNITED STATES MAGISTRATE JUDGE